

2005 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

4-8-2005

# Joseph v. USA

Precedential or Non-Precedential: Non-Precedential

Docket No. 04-3817

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2005

Recommended Citation

"Joseph v. USA" (2005). *2005 Decisions.* Paper 1383.
http://digitalcommons.law.villanova.edu/thirdcircuit_2005/1383

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2005 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

NO. 04-3817
_____

ALVA JOSEPH,
Appellant

v.

UNITED STATES OF AMERICA

_____

On Appeal From the United States District Court
For the Eastern District of Pennsylvania
District Judge: Honorable Lawrence F. Stengel

_____

Submitted Under Third Circuit LAR 34.1(a)
APRIL 4, 2005

Before: NYGAARD, VANANTWERPEN AND STAPLETON, Circuit Judges.

(Filed: April 8, 2005)

_____

OPINION

_____

PER CURIAM.

Appellant, Joseph Alva,[1] is currently in the custody of the Department of

Homeland Security (DHS) at York County Prison in Pennsylvania. Alva is a native and

_____

[1] The caption identifies Appellant by the inverse name of "Alva Joseph." Because
Appellant refers to himself as Joseph Alva, we will use that name.

citizen of Antigua-Barbuda.  He was admitted to the United States in 1980 as a lawful permanent resident.  After various arrests and criminal convictions in this country, Alva was charged as removable pursuant to 8 U.S.C. §§ 237(a)(2)(A)(iii) (aggravated felony) and 237(a)(2)(B)(i) (controlled substance offense).[2]  On March 4, 2003, an Immigration Judge sustained the charges and ordered Alva removed to Antigua-Barbuda.  Notably, Alva signed a consent to the removal and waived his right to appeal.  Nevertheless, Alva filed an appeal, which the Board of Immigration Appeals (BIA) dismissed on December 10, 2003, after finding that Alva had effectively waived his appeal rights.

Alva has been in DHS custody since March 4, 2003.  After almost eleven months of such custody, on January 26, 2004, Alva filed the instant habeas corpus proceeding pursuant to 28 U.S.C. § 2241, arguing that his post-removal-order detention has been excessively long and in violation of his constitutional rights.  Alva invoked, inter alia, the Supreme Court's decision in Zadvydas v. Davis, 533 U.S. 678 (2001).

A Magistrate Judge noted that Alva's detention has exceeded the 90-day removal

---

[2] Alva's criminal history includes the following: a 1990 conviction in Pennsylvania for theft by receiving stolen property with a sentence of two years probation; a 1992 conviction in New Jersey for possession of a controlled substance (cocaine) with intent to distribute and a sentence of three years probation; a 2001 conviction in Pennsylvania for resisting arrest and sentence of one year probation; and a 2002 conviction in Pennsylvania for possession of a controlled substance (marijuana) with intent to distribute and a sentence of twenty months probation.  The 1992 New Jersey conviction formed the basis for removal as an aggravated felon, and the 2002 Pennsylvania conviction formed the basis for removal due to a controlled substance offense.  Notably, the record indicates that Alva has been arrested and charged with several other narcotics related crimes but not convicted.  See SA at 14.

2

period and the six-month period presumed reasonable for continued detention under Zadvydas.  The Magistrate Judge concluded, however, that Alva did not meet his burden of showing "good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future."  Zadvydas, 533 U.S. at 701.  Although removal had yet to be effected, Alva submitted no evidence that removal would not occur in the foreseeable future.  For its part, DHS submitted evidence that a representative from the Consulate General of Antigua had advised in April 2004 that Alva's travel documents would be forthcoming.  The Magistrate Judge also rejected Alva's request for release pending the outcome of his post-conviction petition in Pennsylvania attacking the 2002 drug conviction, as Alva's conviction has not been overturned, and the separate New Jersey drug conviction provided an independent ground for removal.

The District Court adopted the Magistrate Judge's Report and Recommendation and denied the habeas petition.  Alva timely filed this appeal.  We have jurisdiction pursuant to 28 U.S.C. § 1291.  Our review is plenary.  Bakhtriger v. Elwood, 360 F.3d 414, 417 (3d Cir. 2004).

After a careful review of the record, we will affirm for essentially the reasons set forth in the Magistrate Judge's Report and Recommendation, as adopted by the District Court.  In Zadvydas, the Supreme Court interpreted 8 U.S.C. § 1231(a)(6) to authorize the continued detention of aliens like Alva beyond the mandated 90-day removal period, but only for as long as "reasonably necessary" to effectuate removal from the country.  533

3

U.S. at 689. The Court explained that "once removal is no longer reasonably foreseeable, continued detention is no longer authorized." Id. at 699. "The Court further held that the presumptive period during which the detention of an alien is reasonably necessary to effectuate his removal is six months; after that, the alien is eligible for conditional release if he can demonstrate that there is "'no significant likelihood of removal in the reasonably foreseeable future.'" Clark v. Martinez, 125 S. Ct. 716, 722 (2005) (quoting Zadvydas, 533 U.S. at 701)).

Alva failed to meet his burden under Zadvydas of showing that his removal is unlikely in the reasonably foreseeable future. DHS found when it reviewed Alva's status in November 2003 that he has a considerable criminal history, and that he failed to show a lack of threat to society if released or absence of a flight risk. In addition, travel documents were requested and "Antigua has provided travel documents in the past." SA at 18. DHS again reviewed Alva's custody in March 2004 and concluded that continued detention was warranted pending procurement of the travel documents, which the Antiguan government expressed a willingness to issue. SA at 19-21.

Alva contends that he has contacted the Antiguan Embassy himself by letter and by telephone, and has been told verbally "that their office w[as] unable to retrieve documents from the government of Antigua[] concerning him." Appellant's Br. at 11. Alva has produced no documentary evidence, however, from either the Antiguan Embassy or anyone connected with the Antiguan government to substantiate his contention that travel

4

documents will not be issued in the reasonably foreseeable future, and the respondents' evidence of record indicates the contrary. Under Zadvydas, a petitioner must provide "good reason" to believe there is no likelihood of removal, 533 U.S. at 701, and Alva has failed to make that showing here. Consequently, and at this point in time, Alva's removal from the United States remains reasonably foreseeable, and thus we discern no error in the District Court's denial of habeas relief.

We are not unmindful, however, that the presumptively reasonable six-month period of detention has long since passed in this case, and Alva has now been in DHS custody for more than two years. There is no evidence of record that Alva has refused to cooperate in procuring his travel documents. In addition, DHS has not explained or documented for this Court any recent steps that it has taken to procure Alva's papers, and it has not explained the delay following the Antiguan Consulate's representation that they would issue in April 2004. Has the Antiguan government changed its mind about issuing travel documents, or is this simply a case of bureaucratic inertia and the documents will be issued in due course? Regardless, while we cannot say on the current record that "there is no significant likelihood of removal in the reasonably foreseeable future," Zadvydas, 533 U.S. at 701, at some point in time the inability to procure travel documents may provide "good reason" to believe that removal is unlikely to be carried out. And as the Court explained in Zadvydas, "for detention to remain reasonable, as the period for confinement grows, what counts as the 'reasonably foreseeable future' conversely would

have to shrink." Id. That period is shrinking here. We assume, however, that DHS will seek to uncover the reasons for the delay and take appropriate action. At all events, Alva is free to file another § 2241 habeas petition in the District Court should he develop good reason to believe that removal is no longer reasonably foreseeable.

As a final matter, Alva also seeks to raise numerous claims on appeal that challenge the basis for his removal order, including his claims of ineffective assistance of counsel and a claim that his 1992 New Jersey conviction has been vacated. We agree with the Appellee that Alva has waived consideration on this appeal of any such claims by his failure to raise them in his habeas petition at the District Court level. See Harris v. City of Phila., 35 F.3d 840, 845 (3d Cir. 1994) ("This court has consistently held that it will not consider issues that are raised for the first time on appeal."). Consequently, we have limited our discussion to the Zadvydas issue.

We note, however, that Alva recently filed a motion to reopen with the BIA, and the BIA denied that motion on January 28, 2005. On February 22, 2005, Alva filed in this Court a document titled "Addendum to Appellant's Brief and Respon[s]e Brief Writ of Habeas Corpus." Although ostensibly seeking to raise a challenge to the BIA's order as part of the present appeal, Alva's "Addendum" is properly viewed as a separate petition for review from the BIA's order. Accordingly, we will direct our Clerk to docket Alva's pro se submission as a petition for review from the BIA's January 28, 2005, order.

For the reasons stated, we will affirm the District Court's judgment denying Alva's

6

petition for a writ of habeas corpus. Alva's pending motions to supplement the record and for bail are denied. The Clerk shall docket Alva's "Addendum to Appellant's Brief and Respon[s]e Brief Writ of Habeas Corpus" with its accompanying exhibits as a petition for review filed in this Court on February 22, 2005, from the BIA's January 28, 2005, order in Agency No. A36-798-054. The Clerk will assess the appropriate fees for the filing of that petition for review.