

2006 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

5-5-2006

# Alva v. Atty Gen USA

Precedential or Non-Precedential: Non-Precedential

Docket No. 05-2162

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2006

Recommended Citation

"Alva v. Atty Gen USA" (2006). *2006 Decisions*. Paper 1152.
http://digitalcommons.law.villanova.edu/thirdcircuit_2006/1152

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2006 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

Nos. 05-2162 & 05-4656
_____

JOSEPH ALVA,
<u>Petitioner</u>,
vs.

ATTORNEY GENERAL OF THE
UNITED STATES OF AMERICA
_____

On Petition for Review of a Decision of the
Board of Immigration Appeals
(Agency No. A36 798 054)
Immigration Judge:  Honorable Walter A. Durling
_____

Submitted Under Third Circuit L.A.R. 34.1(a)
May 4, 2006
Before:  FISHER, ALDISERT AND WEIS, <u>CIRCUIT JUDGES</u>.

(Filed:  May 5, 2006)
_____

OPINION
_____

PER CURIAM.

        Joseph Alva petitions for review of an order of the Board of Immigration

Appeals ("BIA") denying his motion to reopen his removal proceedings.  The government

moves to dismiss Alva's petition for review for lack of jurisdiction.  For the following

reasons, we conclude that we have jurisdiction in this matter and will deny the petition for

review.

Alva, a native and citizen of Antigua-Barbuda, was admitted to the United States in 1980 as a lawful permanent resident. In 1992, he was convicted in New Jersey of possession of a controlled substance (cocaine) with intent to distribute. In 2002, Alva was convicted in Pennsylvania of possession of a controlled substance (marijuana) with intent to distribute. Based on these convictions, the government charged Alva in 2002 with removability pursuant to Immigration and Nationality Act § 237(a)(2)(A)(iii) [8 U.S.C. § 1227(a)(2)(A)(iii)] (aggravated felony) and § 237(a)(2)(B)(i) [8 U.S.C. § 1227(a)(2)(B)(i)] (controlled substance offense).

On March 4, 2003, Alva appeared pro se before an Immigration Judge ("IJ") and proceeded according to the advice of his former attorney, who allegedly had told Alva to forego the opportunity to pursue any claims for relief, to consent to removal, and to waive his right to appeal. Accordingly, the IJ sustained the § 237(a)(2)(B)(i) charge based on the 2002 conviction, and ordered Alva removed to Antigua-Barbuda. In November 2003, Alva filed a counseled appeal, which the BIA dismissed on December 10, 2003, finding that Alva had knowingly and intelligently waived his appeal rights. Approximately one year later, Alva filed a pro se motion to reopen and reconsider, seeking to pursue an ineffective assistance of counsel claim. The BIA denied the motion as untimely in an order dated January 28, 2005. Alva's petition for review was filed on February 22, 2005, and was docketed at No. 05-2162.[1]

---

[1] A petition for review must be filed within 30 days of a final order of removal. See INA § 242(b)(1) [8 U.S.C. § 1252(b)(1)]. The government contends that the petition

2

Separately, in June 2005, Alva filed a complaint, which he later amended, in the United States District Court for the Middle District of Pennsylvania. To the extent that the action challenged Alva's removal order, the District Court transferred the matter to this Court for treatment as a petition for review pursuant to Section 106(c) of the REAL ID Act.[2] Pub. L. No. 109-13, Div. B, 119 Stat. 231 (May 11, 2005). On October 19, 2005, the case was docketed here at No. 05-4656. It has since been consolidated for all purposes with No. 05-2162.

The government has moved to dismiss the petition for review for lack of jurisdiction on the ground that Alva raises only "issues [that] are factual in nature." Under INA § 242(a)(2)(C) [8 U.S.C. § 1252(a)(2)(C)], we lack jurisdiction to review "any final order of removal against an alien who is removable" because of a controlled substance violation. However, the REAL ID Act restored direct review of constitutional

seeks review of the BIA's order entered December 10, 2003, and is therefore untimely. See Appellee's Brief, 9-10. Alva, however, seeks review of the BIA's denial of reopening and reconsideration on January 28, 2005, rather than its dismissal on December 10, 2003. Indeed, in our opinion affirming the denial of a habeas petition filed by Alva, we noted that he had submitted a document titled "Addendum to Appellant's Brief and Respon[s]e Brief Writ of Habeas Corpus" that was properly viewed as a petition for review from the BIA's January 28, 2005, order denying reopening. See Joseph v. United States, 127 Fed. Appx. 79, 82 (3d Cir. 2005) (not precedential). Accordingly, the Clerk docketed the "Addendum" as such, as of the date it was received, February 22, 2005. Under these circumstances, we conclude that Alva's petition for review is timely.

[2] The District Court also dismissed, pursuant to Heck v. Humphrey, 512 U.S. 477 (1994), Alva's civil rights claims for damages based upon his alleged illegal immigration-related detention. To the extent that Alva sought his release, the District Court noted that his claims were moot in light of the fact that he was no longer confined. Alva did not appeal from these determinations, and we express no opinion on their merit.

3

claims and questions of law presented in petitions for review of final removal orders. See INA § 242(a)(2)(D) [8 U.S.C. § 1252(a)(2)(D)]; see Papageorgiou v. Gonzales, 413 F.3d 356, 358 (3d Cir. 2005). We therefore may consider Alva's main contention on appeal that the BIA violated his due process rights by ignoring evidence (1) that his 1992 New Jersey conviction has been vacated and (2) that he had been denied effective assistance of counsel. See Singh v. Gonzales, 432 F.3d 533, 537 (3d Cir. 2006).

It is clear that "[a]liens facing removal are entitled to due process." Chong v. INS, 264 F.3d 378, 386 (3d Cir. 2001). "The fundamental requirement of due process is the opportunity to be heard at a meaningful time and in a meaningful manner." Abdulai v. Ashcroft, 239 F.3d 542, 549 (3d Cir. 2001) (citations omitted). There is no due process violation, however, in the absence of prejudice. See Wilson v. Ashcroft, 350 F.3d 377, 381 (3d Cir. 2003).

Alva is unable to demonstrate prejudice. He was found to be removable based on his 2002 Pennsylvania conviction, rather than his 1992 New Jersey conviction. Thus, even accepting Alva's claim that the 1992 conviction had been vacated, the BIA had no basis upon which to grant the motion to reopen and reconsider. Similarly, Alva's attorneys' alleged ineffective assistance had no bearing on his failure to timely file the motion to reopen and reconsider. Instead, Alva alleged that the attorney who represented him prior to the IJ hearing incorrectly advised him that he was ineligible for relief and that another attorney who represented him following the IJ hearing should have filed a motion to reconsider with the IJ, rather than appealing to the BIA. Therefore, even if a

4

properly established ineffective assistance of counsel claim can serve as an exception to, or as the basis for equitable tolling of, the time limit for filing a motion to reopen, see Lu v. Ashcroft, 259 F.3d 127, 135 n.5 (3d Cir. 2001), Alva's allegations would not have sufficed.  Under these circumstances, the BIA's alleged failure to consider the ineffective assistance of counsel claims did not result in any prejudice.

For these reasons, we will deny Alva's petition for review.  The government's motion to dismiss and Alva's motion for appointment of counsel are denied.